KIMBALL v. O'DELL & EDDY CO.

(Supreme Court, Appellate Division, Fourth Department.   March 3, 1909.)

MASTER AND SERVANT (§ 278*)—INJURY TO EMPLOYÉ—NEGLIGENCE—EVIDENCE—
SUFFICIENCY.

Evidence in an action for injuries to a stationary engineer caused by a
defective pulley *held* insufficient to show that the employer was negligent.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 958;
Dec. Dig. § 278.*]

Williams, J., dissenting.

Appeal from Trial Term, Erie County.

Action by Elmer D. Kimball against the O'Dell & Eddy Company.
From a judgment for plaintiff, and from an order denying a new
trial, defendant appeals.   Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
KRUSE, and ROBSON, JJ.

Clinton B. Gibbs, for appellant.

Eugene W. Harrington, for respondent.

KRUSE, J.   The judgment from which the appeal is taken was re-
covered for personal injuries, alleged to have been sustained by the
plaintiff through the negligence of the defendant.   The plaintiff was
hurt while at work in the defendant's mill, where it manufactured
blocks for shoe lasts.   A wooden drive wheel or pulley burst, and a
piece struck the plaintiff, breaking his leg.   The governor of the en-
gine failed to work, thus permitting the engine to run away (as the
plaintiff states it); its speed being accelerated to such an extent that
the pulley burst.   The power which operated the governor was trans-
mitted by a belt from a pulley on the main shaft of the engine up to
another pulley connecting the bevel gears of the governor.   There
was no defect in the governor; but it is claimed that the set screw
which held the pulley on the main shaft became loose, so that the
shaft revolved without turning the pulley, thus failing to operate the
governor.   The plaintiff ran the engine, and it is contended on behalf
of the defendant that he himself was not reasonably careful in operat-
ing it, and in shutting it down in time to avoid the accident.   We think
that question was one of fact, and that the finding of the jury that
the plaintiff was free from contributory negligence is sustained by the
evidence.

The serious question is whether the negligence of the defendant
has been established.   As regards the wheel which burst, it seems to
have been safe to run at a normal speed, which was 250 revolutions
a minute.   The plaintiff's own expert so stated.   I do not understand
that it is now claimed on behalf of the plaintiff that the condition of
the wheel in question was such as of itself to afford grounds for hold-
ing the defendant liable.   It is contended, however, that the loose set
screw was the primary cause of the accident, and that the defend-
ant was negligent in not discovering and remedying this condition.   The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

difficulty with that claim is that the evidence fails to show either that the set screw was loose or, even if it had been, that its looseness could have been discovered by a reasonable inspection before the accident. The engine was a 10 horse power upright, and practically new. It had only been used eight months. It is not contended that the set screw was imperfect or defective, and there is no evidence that there were indications of the set screw or pulley being loose, either before or after the accident. It appears that the governor suddenly stopped, and that the speed of the engine was immediately accelerated.

The plaintiff, in giving his account of the accident, stated that he started the engine in the morning as usual; that he oiled up at half past 9, stopped for lunch at noon, and started again at 1 o'clock; that the engine ran all right up to 3 or 4 o'clock; that he shut down about half past 3, oiled the engine, going all over it, and oiled around the governors; that he then started the engine, went to the fire box, looked around over his shoulder, and saw that the belt was standing still; that he jumped for the throttle; that the engine was running very fast, "mighty fast," as he states, but that before he succeeded in stopping it the accident occurred. The plaintiff undertook to account for the accident by calling an expert. The expert stated that if the set screw became loose the engine would run away, because the governor would be entirely inoperative. But he further stated that he reached the conclusion, from the fact that the belt was standing still, either that the belt was slipping on the lower pulley from some cause, or that the set screw was out of the pulley and let the pulley stand still on the engine shaft; that it must be one of the two things; that a great many things would cause a belt to slip, among others, getting oil or grease upon it; that when a belt commences to slip it goes very quickly; that it would not be a condition that could readily be foreseen, and it happened frequently almost instantly. During the course of the examination the defendant's counsel objected to the assumption that the set screw was loose, upon the ground that there was no such evidence, whereupon plaintiff's counsel stated that it would be supplied; but it was not supplied.

We think the evidence fails to establish negligence against the defendant, and the judgment and order appealed from should therefore be reversed, with costs to the appellant to abide the event. All concur, except WILLIAMS, J., who dissents.